IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY R. TURNER,

    Plaintiff,                   No. 2:11-cv-0451 MCE JFM (PC)

  vs.

DIANE SHEPPERD, et al.,         <u>ORDER AND</u>

    Defendants.             <u>FINDINGS & RECOMMENDATIONS</u>

                            /

          Plaintiff, a state prisoner proceeding pro se, filed a complaint on February 17, 2011 seeking relief pursuant to 42 U.S.C. § 1983. The complaint was screened on October 4, 2011 and dismissed with leave to amend.

          Presently pending before the court are plaintiff's (1) July 15, 2011 motion for an order of contempt; (2) July 25, 2011 motion for order to show cause; (3) August 3, 2011 motion for review ruling and dispositive orders; and (4) September 6, 2011 motion for confirmation of receipts. Upon review of the motions, THE COURT FINDS AS FOLLOWS:

1.    <u>Motion for Contempt</u>

          Plaintiff's July 15, 2011 motion seeks injunctive relief and a finding of contempt against staff who are non-defendants and employed at California State Prison – Corcoran ("CSP-Corcoran"), where plaintiff is presently housed. Plaintiff alleges that as a result of the initiation

1

of the instant lawsuit, staff at CSP-Corcoran have conspired with defendant Diane Shepherd, who is an employee at Deuel Vocational Institute, to deny plaintiff his due process rights and access to the courts by placing him in administrative segregation and confiscating his legal materials.

The basic function of injunctive relief is to preserve the status quo ante litem pending a determination of the action on the merits. Los Angeles Memorial Coliseum Com'n v. National Football League, 634 F.2d 1197, 1200 (9th Cir. 1980). A party seeking injunctive relief must fulfill one of two standards, the "traditional" or the "alternative." Cassim v. Bowen, 824 F.2d 791, 795 (9th Cir.1987).

> Under the traditional standard, a court may issue preliminary relief if it finds that (1) the moving party will suffer irreparable injury if the relief is denied; (2) the moving party will probably prevail on the merits; (3) the balance of potential harm favors the moving party; and (4) the public interest favors granting relief.... Under the alternative standard, the moving party may meet its burden by demonstrating either: (1) a combination of probable success and the possibility of irreparable injury; or (2) that serious questions are raised and the balance of hardships tips sharply in its favor.

Id. (citations omitted). Federal Rule of Civil Procedure 65(d)(2) outlines the persons against whom an injunction can be issued. The list includes the parties, the party's officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with anyone described above.

Here, plaintiff asks the court to enjoin non-defendants for actions taken allegedly in concert with Diane Shepherd and unrelated to the claims of the complaint.[1] Plaintiff's allegations do not fulfill either the traditional test or the alternative test for injunctive relief. Plaintiff has made no attempt to address either the likelihood of success on the merits of her complaint, the claimed irreparable injury, or any of the other necessary elements of such a motion. Other than his conclusory and unsupported allegations, plaintiff has made no showing

---

[1] The gravaman of plaintiff's complaint is that Diane Shepherd, a case records analyst at Deuel Vocational Institute, refused to provide plaintiff copies of his central prison file unless plaintiff paid $422.52 in copying fees.

that any of these persons are acting in concert with Shepherd, who has yet to be served in this case. Further, plaintiff's allegations concern the actions of non-defendants. The court should not intentionally or unwittingly predetermine a claim plaintiff may have against a non-party by considering plaintiff's requested motion. There is similarly no reason for the court to find the non-defendants in contempt. Therefore, this motion should be denied.

2. <u>Motion for Order to Show Cause</u>

In the July 25, 2011 motion for order to show cause, plaintiff asks this court to review, screen and serve his complaint on defendants. The court screened plaintiff's complaint by separate order on October 11, 2011, dismissing it with leave to amend. At this procedural posture, then, service is not appropriate. Accordingly, this motion will be partially granted.

3. <u>Motion for Review Ruling and Dispositive Orders</u>

In the August 3, 2011 motion for review ruling and dispositive orders, plaintiff again requests that the court review, screen and serve his complaint on defendants. For the aforementioned reasons, this motion will be partially granted.

4. <u>Motion for Confirmation of Receipt</u>

Finally, in the September 6, 2011 motion for confirmation of receipts, plaintiff seeks confirmation of an opposition he filed to the June 27, 2011 findings and recommendations. The docket does not reflect the filing of an opposition. The court notes, however, that the June 27, 2011 findings and recommendations were vacated by order dated October 11, 2011.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's July 25, 2011 motion for order to show cause is partially granted;

2. Plaintiff's August 3, 2011 motion for review ruling and dispositive orders is partially granted;

3. Plaintiff's September 6, 2011 motion for confirmation of receipt of documents is granted; and

/////

3

1    IT IS HEREBY RECOMMENDED that plaintiff's July 15, 2011 motion for
2 contempt be denied.

3    These findings and recommendations are submitted to the United States District
4 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen
5 days after being served with these findings and recommendations, any party may file written
6 objections with the court and serve a copy on all parties.  Such a document should be captioned
7 "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the
8 objections shall be filed and served within fourteen days after service of the objections.  The
9 parties are advised that failure to file objections within the specified time may waive the right to
10 appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
11 DATED: October 11, 2011.

UNITED STATES MAGISTRATE JUDGE

/014;turn0451.jo

4